# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS EPPERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. SUPREME COURT, et al.,<br><br>    Defendants. | Case No. 1:23-cv-00592-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION AS FRIVOLOUS<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>(ECF No. 1)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Plaintiff Chris Epperson is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed on April 18, 2023.

**I.**

**SCREENING REQUIREMENT**

1

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim).  The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 556 U.S. at 678.  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting Twombly, 550 U.S. at 557).  Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct

alleged.  Iqbal, 556 U.S. at 678.

## II.

## DISCUSSION

The caption of the complaint indicates that Plaintiff filed this action against the "U.S. Supreme Court 70 U.S. (3 Wall.) 478."[1]  (Compl. 1.)  Plaintiff then lists multiple Defendants: (1) Geoffrey S. Binney, identified as a pioneer from Texas; (2) Ronald Reagan, identified as a Republican from Kentucky; (3) Richard Nixon, identified as a "Democratics" from Montana; and (4) Robert E. Wood, who under job or title is specified as "Jefferson Petursburg," and under address, 1540 Broadway, New York.  (Compl. 2-3.)

As a basis for jurisdiction, Plaintiff checks the boxes for federal question and diversity jurisdiction.  (Compl. 3.)  For federal question jurisdiction, Plaintiff identifies the following federal laws: "Wheeler Act of Congress Article 7 Sec. 102(a)," the Fugitive Slave Act, and the House of Commons Executive Order 10958.  (Compl. 4.)  For diversity jurisdiction, Plaintiff identifies himself as a citizen of California, however, where it specifies to identify a corporate

---

[1] This Supreme Court case from 1865 appears to involve legal questions of real property as related to California becoming a part of the United States from Mexico:

> The grant of Pio Pico, bearing date on the 20th of June, 1846, under which the defendants below claimed title to the greater part of the premises in controversy, was rightly excluded. With the offer of the grant the defendants admitted that it had never been presented to the Board of Land Commissioners for confirmation, and had never been confirmed. The court treated the grant as one in colonization. All such grants, it is a matter of common knowledge with the profession in California, were made subject to the approval of the Departmental Assembly. Until such approval they were not definitively valid; and no such approval was obtained of the grant in question previous to the 7th of July following, when the jurisdiction of the Mexican authorities was displaced, and the country passed under the government of the United States. It remained for the new government succeeding to the obligations of the former government to complete what thus remained imperfect. By the act of March 3d, 1851, the government has declared the conditions under which it will discharge its political obligations to Mexican grantees. It has there required all claims to lands to be presented within two years from its date, and declared in effect that if, upon such presentation, they are found by the tribunal created for their consideration, and by the courts, on appeal, to be valid, it will recognize and confirm them, and take such action as will result in rendering them perfect titles. But it has also declared in effect, by the same act, that if the claims be not thus presented within the period designated, it will not recognize nor confirm them, nor take any action for their protection, but that the claims will be considered and treated as abandoned. It is not necessary to express any opinion of the validity of this legislation in respect to perfect titles acquired under the former government. Such legislation is not subject to any constitutional objection so far as it applies to grants of an imperfect character, which require further action of the political department to render them perfect.

Beard v. Federy, 70 U.S. 478, 489–90, 18 L. Ed. 88 (1865).

1  plaintiff, Plaintiff writes the name "Oracle," does not provide a state of incorporation, but states
2  the principal place of business is in Buffalo New York.  (Compl. 4.)  Then, while not listed as a
3  Defendant previously, Plaintiff identifies the only Defendant for diversity purposes as "Valdmir
4  Putin," a citizen of Moscow, or a citizen of Auckland.  (Compl. 4.)

5        For amount in controversy, Plaintiff appears to write: "6 ½ million zillion hr.
6  500,000.000.000 fiscal yr."  (Compl. 5.)

7        For statement of the claim, Plaintiff writes: "My sub-[conscious] tells me you think that
8  you['re] going somewhere.  Two governors ambush me MAK-90 semiautomatic rifle while
9  walking my great dane."  (Compl. 5.)

10        For relief, Plaintiff writes: "They don't even like you messing with their powers you
11  can't be caught or capture from here.  Federal don't cross state.  Original, No. 10."  (Compl. 6.)

12        Pursuant to 28 U.S.C. § 1915A, the Court shall dismiss a complaint or portion of the
13  complaint against a governmental entity or officer or employee of a governmental entity that is
14  "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §
15  1915A(b)(1).  A pleading is "factual[ly] frivolous[ ]" when "the facts alleged rise to the level of
16  the irrational or the wholly incredible, whether or not there are judicially noticeable facts
17  available to contradict them." Denton v. Hernandez, 504 U.S. 25, 25-26 (1992).  Section 1915
18  gives courts "the unusual power to pierce the veil" of a complaint such as that filed by the
19  Plaintiff and to "dismiss those claims whose factual contentions are clearly baseless." Neitzke v.
20  Williams, 490 U.S. 319, 327 (1989).  Clearly baseless factual allegations include those "that are
21  'fanciful,' 'fantastic,' and 'delusional.' " Denton, 504 U.S. at 32-33 (quoting Neitzke, 490 U.S.
22  at 325, 327, 328).  Here, the Court finds that Plaintiff has alleged claims that are frivolous, and
23  therefore, must be dismissed.

24        Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely
25  given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  In this instance, the Court finds no
26  amendment could cure the deficiencies above. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir.
27  2004; Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014), appeal
28  dismissed (Feb. 25, 2015).  Accordingly, the Court finds that granting leave to amend would be

futile and this action should be dismissed without leave to amend.

### III.

### RECOMMENDATION AND ORDER

Plaintiff's complaint contains factual allegations that are frivolous. Further, the claims alleged in the complaint are incapable of being cured by amendment so granting leave to amend would be futile. Ebner v. Fresh, Inc., 838 F.3d 958, 968 (9th Cir. 2016).

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be dismissed without leave to amend pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous.

These findings and recommendations are submitted to the district judge to be assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of these recommendations, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS FURTHER ORDERED that the Clerk of the Court be DIRECTED to randomly assign a District Judge to this action.

IT IS SO ORDERED.

Dated:   **May 4, 2023**

UNITED STATES MAGISTRATE JUDGE